UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-540-PLF |
| | : | |
| **TIMOTHY ALLEN HART,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
### TO MODIFY CONDITIONS OF RELEASE

Defendant has requested permission of the Court to travel internationally on a cruise from December 3 to December 10, 2022. The Government, through the prior AUSA on this matter, objected to this request when Defendant made it in April of this year, but the Court granted it for travel that month. The new request is made as Defendant was unable to get travel during that original time period. The Court directed the Government to respond to the request. It does so accordingly.

**Charges**

Mr. Hart is charged in this case with multiple felonies and misdemeanors: 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building); 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building); 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building); 18 U.S.C. § 231(a)(3) (Civil Disorder); and 18 U.S.C. § 1512(c) (Obstruction). Superseding Indictment, DE 18. Although negotiations between the parties are ongoing, at this time, the Government has provided a plea offer to of the most serious felony count. That offer is under consideration by the Defendant.

Thus, the posture of this case is slightly different than in April when no position of the Government regarding resolution had been made.

### **Objection to Modified Conditions**

In its prior objection to these conditions [DE 24], the Government's prior counsel pointed to numerous facts that gave it concern:

- Defendant's travel on an island-hopping cruise, during a pandemic, hardly seems appropriate while the taxpayers are funding his legal fees.

- Mr. Hart has two prior convictions and two prior arrests, according to the pretrial services report. R. 6. He has a conviction for Aggravated Robbery (1992) and Telecommunication Harassment (2013).

- According to the September 2021 compliance report, the Southern District of Ohio believed that Mr. Hart was using controlled substances and requested that drug testing be added to his conditions.

- And, in December 2021, Mr. Hart had to be hospitalized due to anxiety from this litigation—raising another red flag about his prospects of fleeing.

- The Government had identified a fundraiser that appears to be Mr. Hart's showing that approximately $10,000 has been raised for him. The fundraiser is concerning that he could potentially have access to a very large amount of cash if he decides to flee.

The Government recognizes that the Court permitted Defendant to travel nonetheless. It also notes that Defendant appears to have been compliance on pretrial release since then. Furthermore, it notes that U.S. Pretrial does not oppose his request. Nonetheless, the Government

still sees no reason for Defendant to take this leisurely cruise while he is facing multiple serious felonies and while the taxpayers are funding his legal defense.   Accordingly, the Government opposes the modification of his bond motion for this vacation.

                                      Respectfully submitted,

                                      MATTHEW GRAVES
                                      United States Attorney

By:    */s/ Joseph H. Huynh*
        JOSEPH H. HUYNH
        D.C. Bar No. 495403
        Assistant United States Attorney (Detailed)
        405 East 8th Avenue, Suite 2400
        Eugene, Oregon 97401-2708
        Telephone: (541) 465-6771
        Joseph.Huynh@usdoj.gov