UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-540-PLF |
| : | |
| TIMOTHY ALLEN HART, : | |
| : | |
| Defendant. : | |

_____

## RESPONSE OF COUNSEL FOR DEFENDANT TIMOTHY ALLEN HART TO INQUIRY ON ATTORNEY CONFLICT OF INTEREST

COMES NOW, the Defendant, TIMOTHY ALLEN HART ("Hart"), by and through undersigned counsel John M. Pierce, Esq., and hereby responds to the questions raised and the inquiry concerning a potential conflict of interest of Defendant Hart's legal representation in this criminal case arising from incidents related to events in the District of Columbia on or about January 4-5, 2021, primarily at the U.S. Capitol building.

### INTRODUCTION

The issue at hand of course is whether the Defendant Hart may choose the John Pierce Law firm as his legal representation in a criminal case brought against him in the U.S. District Court for the District of Columbia. The decision for the

choice of legal counsel is the client's. The question raised is whether any actual or potential conflict of interest is of such a nature or severity that it cannot be waived, that the client's waiver would be ineffectual. The decision at hand is not whom should be Defendant Hart's legal counsel but whether Hart may make that decision in spite of a potential conflict of interest.

Therefore, a major set of circumstances on this question concerns whether the Defendants have a full understanding and appreciation of the issues and have made a knowing, fully-informed decision to proceed. Such reviews frequently if not always include evaluating the current situation but also advising clients of when and how circumstances could change in the future as things develop.

This Court, by the Honorable Senior Judge Paul L. Friedman, responded to the concerns and helpfully appointed the ethics counsel of Cozen O'Connor, 1200 19th Street, NW Washington, DC 20036, Telephone: (202) 912-4800, to review the matter including to interview the affected Defendants and to report back to the Court and attorneys.

For the Government's part, the U.S. Attorney's Office for the District of Columbia has generally taken an agnostic position except to the extent that the Government believes that there should be no loose ends clouding the outcome of a case.

COZEN & O'CONNOR concluded its review and determined that

As set forth below, I believe that Mr. Hart understands the potential conflicts of interest faced by Mr. Pierce and wishes to waive any conflict or potential conflict so that Mr. Pierce can remain his counsel.

## BACKGROUND

In the case of *United States of America v. Christopher John Worrell,* Criminal Case No. 1:21-cr-00292-RC in this District, attorney John M. Pierce represented CHRIS WORRELL for about seven (7) months, from March 22, 2021, to October 20, 2021. However, the progress of that representation consisted entirely of litigation of Worrell's pre-trial detention and disputes over the failure of the District Of Columbia Department Of Corrections to provide and/or cooperate with medical treatment for Worrell, leading to an Order of Contempt by the Honorable District Court Judge Royce C. Lamberth on October 13, 2021.

In the instant case at bar, Defendant Hart came to believe that he should enter into a plea deal. [1] Ethics counsel Cozen & O'Connor restates the belief of the Government that this was a "favorable" plea deal. The U.S. Attorney's Office is apparently meaning to question Defendant Hart's advice and decision-making because he turned down a "favorable" plea deal.

However, as unfortunately has often been the case, the plea deal was

---

[1] The phrasing here is not intended to imply anything other than to avoid stating attorney-client privileged communications or the content of any attorney advice.

actually not "favorable." That is, Defendant Hart's decision is explainable by the content of the offered plea deal itself without conjecture on any other circumstance.

January 6 related Defendants have been (1) vastly over-charged to start with, with multiplitious charges for the same facts, (2) treated in inequality under the law such as compared with the rioters who occupied the Hart U.S. Senate Office building and physically disrupted the nomination hearings for a District Court Judge of this District Brent Kavanaugh in September 2018, who were released after around 5 hours on only a $50 fine and the rioters who violently attacked the White House and its law enforcement defenders in May-June 2020, but were then awarded millions of dollars in a lawsuit with criminal charges dropped, and (3) offered unappealing plea deals with a seeming lack of comprehension that the offered pleas fail to persuade Defendants to forego trial, and (4) offered plea deals that in the details and fine point are choked with conditions that many Defendants decide on their own to be objectionable.

Therefore, when Defendant Hart was confronted with the actual documents drafted for a plea deal – as opposed to the general concept and broad brush strokes conveyed verbally before – Hart sought a second legal opinion and sought to explore other options for him.  This is a common experience with cases related to January 6.  As a result, Defendant Hart, like many January 6 Defendants

approached the John Pierce Law firm due to its reputation on these matters.

The ethics counsel law firm of COZEN & O'CONNOR prepared a report dated April 5, 2023, sent to the presiding Judge, Judge Friedman, and copied to all counsel.  The report having been already provided by COZEN & O'CONNOR, but not wanting to make the Court's review difficult, John Pierce Law firm will provide it again attached to a physical courtesy copy of this Response to chambers, but neither file it publicly nor undertake the extra work of filing under seal (a second time).

The possibility arose – explained more fully in COZEN & O'CONNOR's report filed under seal – that Mr. Worrell could potentially call Mr. Hart as a witness in Worrell's own criminal trial and/or dispute the Government's claim that Worrell sprayed a substance toward law enforcement by proving that it was aimed at Mr. Hart instead.  Therefore, Worrell intends to call Hart as a witness.

However, this litigation theory was not apparent or discussed between John Pierce and Chris Worrell during John Pierce's representation of Worrell or prior to John Pierce's withdrawal as counsel.  The work being done concerned Worrell's pre-trial detention and inability to get medical treatment through the D.C. jails.

## ARGUMENT

A criminal defendant's Sixth Amendment rights encompass the right to be

represented by the attorney selected by the defendant. *Wheat v. United States*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988); *Powell v. Alabama*, 287 U.S. 45, 53, 77 L. Ed. 158, 53 S. Ct. 55 (1932). "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. at 53.

A person's right to retain counsel of his choice therefore represents " 'a right of constitutional dimension'" *U.S. v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir.1982) (citing *U.S. v. Wisniewski*, 478 F.2d 274, 285 (2d Cir.1973)), the denial of which may rise to the level of a constitutional violation. *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (*en banc*), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *Wilson v. Mintzes*, 761 F.2d 275, 278-79 (6th Cir. 1985).

Ethics counsel COZEN & O'CONNOR found that Mr. Hart had made a knowing and fully-informed waiver of any current or foreseeable future conflicts of interest, and that Mr. Hart understood that developing circumstances could justify a re-evaluation of Mr. Pierce's representation of Mr. Hart.

> Based on my extensive discussion with Mr. Hart, I believe that he fully understands the potential conflicts of interest faced by Mr. Pierce. In addition, he was clear, definitive and consistent about his desire to keep Mr. Pierce as his attorney and to reject the government's plea offer. Mr. Hart understands that there is a risk that Mr. Pierce may have to withdraw at some point in the future or obtain substitute counsel to cross-examine witnesses.

It would appear that ethics counsel did not find that the circumstances presented an unwaivable conflict of interest, if any, at this time. No concern that anything was unwaivable was raised by the ethics counsel.

**CONCLUSION**

Counsel for Defendant Hart believes that the Court will find the recommendations of ethics counsel persuasive and appropriate, including the possibility of substitute counsel for the purpose of cross-examination of witnesses in either trial and the possibility of another attorney in the John Pierce Law firm handling Hart's defense.

Dated: April 9, 2023         Respectfully submitted,

*/s/ John M. Pierce*
John M. Pierce
John Pierce Law Firm
21550 Oxnard St. 3rd Floor, PMB #172
Woodland Hills, CA 91367
Telephone: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant Hart*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 9, 2023, this Response was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce